Case 3:14-cv-00471-YY    Document 66-1    Filed 07/11/16    Page 1 of 8

7/11/2016                Rule 26. Duty to Disclose; General Provisions Governing Discovery | Federal Rules of Civil Procedure | LII / Legal Information Institute

## COMMITTEE NOTES ON RULES—2006 AMENDMENT

*Subdivision (a)*. Rule 26(a)(1)(B) is amended to parallel Rule 34(a) by recognizing that a party must disclose electronically stored information as well as documents that it may use to support its claims or defenses. The term "electronically stored information" has the same broad meaning in Rule 26(a)(1) as in Rule 34(a). This amendment is consistent with the 1993 addition of Rule 26(a)(1)(B). The term "data compilations" is deleted as unnecessary because it is a subset of both documents and electronically stored information.

*Changes Made After Publication and Comment*. As noted in the introduction [omitted], this provision was not included in the published rule. It is included as a conforming amendment, to make Rule 26(a)(1) consistent with the changes that were included in the published proposals.

[ *Subdivision (a)(1)(E)*.] Civil forfeiture actions are added to the list of exemptions from Rule 26(a)(1) disclosure requirements. These actions are governed by new Supplemental Rule G. Disclosure is not likely to be useful.

*Subdivision (b)(2)*. The amendment to Rule 26(b)(2) is designed to address issues raised by difficulties in locating, retrieving, and providing discovery of some electronically stored information. Electronic storage systems often make it easier to locate and retrieve information. These advantages are properly taken into account in determining the reasonable scope of discovery in a particular case. But some sources of electronically stored information can be accessed only with substantial burden and cost. In a particular case, these burdens and costs may make the information on such sources not reasonably accessible.

It is not possible to define in a rule the different types of technological features that may affect the burdens and costs of accessing electronically stored information. Information systems are designed to provide ready access to information used in regular ongoing activities. They also may be designed so as to provide ready access to information that is not regularly used. But a system may retain information on sources that are accessible only by incurring substantial burdens or costs. Subparagraph (B) is added to regulate discovery from such sources.

Under this rule, a responding party should produce electronically stored information that is relevant, not privileged, and reasonably accessible, subject to the (b)(2)(C) limitations that apply to all discovery. The responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.

A party's identification of sources of electronically stored information as not reasonably accessible does not relieve the party of its common-law or statutory duties to preserve evidence. Whether a responding party is required to preserve unsearched sources of potentially responsive information that it believes are not reasonably accessible depends on the circumstances of each case. It is often useful for the parties to discuss this issue early in discovery.

**EXHIBIT L**

Case 3:14-cv-00471-YY   Document 66-1   Filed 07/11/16   Page 2 of 8

7/11/2016                    Rule 26. Duty to Disclose; General Provisions Governing Discovery | Federal Rules of Civil Procedure | LII / Legal Information Institute

The volume of—and the ability to search—much electronically stored information means that in many cases the responding party will be able to produce information from reasonably accessible sources that will fully satisfy the parties' discovery needs. In many circumstances the requesting party should obtain and evaluate the information from such sources before insisting that the responding party search and produce information contained on sources that are not reasonably accessible. If the requesting party continues to seek discovery of information from sources identified as not reasonably accessible, the parties should discuss the burdens and costs of accessing and retrieving the information, the needs that may establish good cause for requiring all or part of the requested discovery even if the information sought is not reasonably accessible, and conditions on obtaining and producing the information that may be appropriate.

If the parties cannot agree whether, or on what terms, sources identified as not reasonably accessible should be searched and discoverable information produced, the issue may be raised either by a motion to compel discovery or by a motion for a protective order. The parties must confer before bringing either motion. If the parties do not resolve the issue and the court must decide, the responding party must show that the identified sources of information are not reasonably accessible because of undue burden or cost. The requesting party may need discovery to test this assertion. Such discovery might take the form of requiring the responding party to conduct a sampling of information contained on the sources identified as not reasonably accessible; allowing some form of inspection of such sources; or taking depositions of witnesses knowledgeable about the responding party's information systems.

Once it is shown that a source of electronically stored information is not reasonably accessible, the requesting party may still obtain discovery by showing good cause, considering the limitations of Rule 26(b)(2)(C) that balance the costs and potential benefits of discovery. The decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case. Appropriate considerations may include: (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

The responding party has the burden as to one aspect of the inquiry—whether the identified sources are not reasonably accessible in light of the burdens and costs required to search for, retrieve, and produce whatever responsive information may be found. The requesting party has the burden of showing that its need for the discovery outweighs the burdens and costs of locating, retrieving, and producing the information. In some cases, the court will be able to determine whether the identified sources are not reasonably accessible and whether the requesting party has shown good cause for some or all of the discovery, consistent with the limitations of Rule 26(b)(2)(C), through a single proceeding or presentation. The good-cause determination, however, may be complicated because the court and parties may know little

**EXHIBIT L**

Case 3:14-cv-00471-YY   Document 66-1   Filed 07/11/16   Page 3 of 8

7/11/2016    Rule 26. Duty to Disclose; General Provisions Governing Discovery | Federal Rules of Civil Procedure | LII / Legal Information Institute

about what information the sources identified as not reasonably accessible might contain, whether it is relevant, or how valuable it may be to the litigation. In such cases, the parties may need some focused discovery, which may include sampling of the sources, to learn more about what burdens and costs are involved in accessing the information, what the information consists of, and how valuable it is for the litigation in light of information that can be obtained by exhausting other opportunities for discovery.

The good-cause inquiry and consideration of the Rule 26(b)(2)(C) limitations are coupled with the authority to set conditions for discovery. The conditions may take the form of limits on the amount, type, or sources of information required to be accessed and produced. The conditions may also include payment by the requesting party of part or all of the reasonable costs of obtaining information from sources that are not reasonably accessible. A requesting party's willingness to share or bear the access costs may be weighed by the court in determining whether there is good cause. But the producing party's burdens in reviewing the information for relevance and privilege may weigh against permitting the requested discovery.

The limitations of Rule 26(b)(2)(C) continue to apply to all discovery of electronically stored information, including that stored on reasonably accessible electronic sources.

*Changes Made after Publication and Comment*. This recommendation modifies the version of the proposed rule amendment as published. Responding to comments that the published proposal seemed to require identification of information that cannot be identified because it is not reasonably accessible, the rule text was clarified by requiring identification of sources that are not reasonably accessible. The test of reasonable accessibility was clarified by adding "because of undue burden or cost."

The published proposal referred only to a motion by the requesting party to compel discovery. The rule text has been changed to recognize that the responding party may wish to determine its search and potential preservation obligations by moving for a protective order.

The provision that the court may for good cause order discovery from sources that are not reasonably accessible is expanded in two ways. It now states specifically that the requesting party is the one who must show good cause, and it refers to consideration of the limitations on discovery set out in present Rule 26(b)(2)(i), (ii), and (iii).

The published proposal was added at the end of present Rule 26(b)(2). It has been relocated to become a new subparagraph (B), allocating present Rule 26(b)(2) to new subparagraphs (A) and (C). The Committee Note was changed to reflect the rule text revisions. It also was shortened. The shortening was accomplished in part by deleting references to problems that are likely to become antique as technology continues to evolve, and in part by deleting passages that were at a level of detail better suited for a practice manual than a Committee Note.

The changes from the published proposed amendment to Rule 26(b)(2) are set out below. [Omitted]

*Subdivision (b)(5)*. The Committee has repeatedly been advised that the risk of privilege waiver, and the work necessary to avoid it, add to the costs and delay of discovery. When the

**EXHIBIT L**

7/11/2016 Rule 26. Duty to Disclose; General Provisions Governing Discovery | Federal Rules of Civil Procedure | LII / Legal Information Institute

Case 3:14-cv-00471-YY   Document 66-1   Filed 07/11/16   Page 4 of 8

review is of electronically stored information, the risk of waiver, and the time and effort required to avoid it, can increase substantially because of the volume of electronically stored information and the difficulty in ensuring that all information to be produced has in fact been reviewed. Rule 26(b)(5)(A) provides a procedure for a party that has withheld information on the basis of privilege or protection as trial-preparation material to make the claim so that the requesting party can decide whether to contest the claim and the court can resolve the dispute. Rule 26(b)(5)(B) is added to provide a procedure for a party to assert a claim of privilege or trial-preparation material protection after information is produced in discovery in the action and, if the claim is contested, permit any party that received the information to present the matter to the court for resolution.

   Rule 26(b)(5)(B) does not address whether the privilege or protection that is asserted after production was waived by the production. The courts have developed principles to determine whether, and under what circumstances, waiver results from inadvertent production of privileged or protected information. Rule 26(b)(5)(B) provides a procedure for presenting and addressing these issues. Rule 26(b)(5)(B) works in tandem with Rule 26(f), which is amended to direct the parties to discuss privilege issues in preparing their discovery plan, and which, with amended Rule 16(b), allows the parties to ask the court to include in an order any agreements the parties reach regarding issues of privilege or trial-preparation material protection. Agreements reached under Rule 26(f)(4) and orders including such agreements entered under Rule 16(b)(6) may be considered when a court determines whether a waiver has occurred. Such agreements and orders ordinarily control if they adopt procedures different from those in Rule 26(b)(5)(B).

   A party asserting a claim of privilege or protection after production must give notice to the receiving party. That notice should be in writing unless the circumstances preclude it. Such circumstances could include the assertion of the claim during a deposition. The notice should be as specific as possible in identifying the information and stating the basis for the claim. Because the receiving party must decide whether to challenge the claim and may sequester the information and submit it to the court for a ruling on whether the claimed privilege or protection applies and whether it has been waived, the notice should be sufficiently detailed so as to enable the receiving party and the court to understand the basis for the claim and to determine whether waiver has occurred. Courts will continue to examine whether a claim of privilege or protection was made at a reasonable time when delay is part of the waiver determination under the governing law.

   After receiving notice, each party that received the information must promptly return, sequester, or destroy the information and any copies it has. The option of sequestering or destroying the information is included in part because the receiving party may have incorporated the information in protected trial-preparation materials. No receiving party may use or disclose the information pending resolution of the privilege claim. The receiving party may present to the court the questions whether the information is privileged or protected as trial-preparation material, and whether the privilege or protection has been waived. If it does so, it must provide the court with the grounds for the privilege or protection specified in the producing party's notice, and serve all parties. In presenting the question, the party may use

**EXHIBIT L**

Case 3:14-cv-00471-YY   Document 66-1   Filed 07/11/16   Page 5 of 8

7/11/2016                Rule 26. Duty to Disclose; General Provisions Governing Discovery | Federal Rules of Civil Procedure | LII / Legal Information Institute

the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility.

If a party disclosed the information to nonparties before receiving notice of a claim of privilege or protection as trial-preparation material, it must take reasonable steps to retrieve the information and to return it, sequester it until the claim is resolved, or destroy it.

Whether the information is returned or not, the producing party must preserve the information pending the court's ruling on whether the claim of privilege or of protection is properly asserted and whether it was waived. As with claims made under Rule 26(b)(5)(A), there may be no ruling if the other parties do not contest the claim.

*Changes Made After Publication and Comment*. The rule recommended for approval is modified from the published proposal. The rule is expanded to include trial-preparation protection claims in addition to privilege claims.

The published proposal referred to production "without intending to waive a claim of privilege." This reference to intent was deleted because many courts include intent in the factors that determine whether production waives privilege.

The published proposal required that the producing party give notice "within a reasonable time." The time requirement was deleted because it seemed to implicate the question whether production effected a waiver, a question not addressed by the rule, and also because a receiving party cannot practically ignore a notice that it believes was unreasonably delayed. The notice procedure was further changed to require that the producing party state the basis for the claim.

Two statements in the published Note have been brought into the rule text. The first provides that the receiving party may not use or disclose the information until the claim is resolved. The second provides that if the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. [1]

The rule text was expanded by adding a provision that the receiving party may promptly present the information to the court under seal for a determination of the claim.

The published proposal provided that the producing party must comply with Rule 26(b)(5)(A) after making the claim. This provision was deleted as unnecessary.

Changes are made in the Committee Note to reflect the changes in the rule text.

The changes from the published rule are shown below. [Omitted]

*Subdivision (f)*. Rule 26(f) is amended to direct the parties to discuss discovery of electronically stored information during their discovery-planning conference. The rule focuses on "issues relating to disclosure or discovery of electronically stored information"; the discussion is not required in cases not involving electronic discovery, and the amendment imposes no additional requirements in those cases. When the parties do anticipate disclosure or discovery of electronically stored information, discussion at the outset may avoid later difficulties or ease their resolution.

**EXHIBIT L**

Case 3:14-cv-00471-YY   Document 66-1   Filed 07/11/16   Page 6 of 8

7/11/2016                Rule 26. Duty to Disclose; General Provisions Governing Discovery | Federal Rules of Civil Procedure | LII / Legal Information Institute

When a case involves discovery of electronically stored information, the issues to be addressed during the Rule 26(f) conference depend on the nature and extent of the contemplated discovery and of the parties' information systems. It may be important for the parties to discuss those systems, and accordingly important for counsel to become familiar with those systems before the conference. With that information, the parties can develop a discovery plan that takes into account the capabilities of their computer systems. In appropriate cases identification of, and early discovery from, individuals with special knowledge of a party's computer systems may be helpful.

The particular issues regarding electronically stored information that deserve attention during the discovery planning stage depend on the specifics of the given case. *See Manual for Complex Litigation* (4th) §40.25(2) (listing topics for discussion in a proposed order regarding meet-and-confer sessions). For example, the parties may specify the topics for such discovery and the time period for which discovery will be sought. They may identify the various sources of such information within a party's control that should be searched for electronically stored information. They may discuss whether the information is reasonably accessible to the party that has it, including the burden or cost of retrieving and reviewing the information. *See* Rule 26(b)(2)(B). Rule 26(f)(3) explicitly directs the parties to discuss the form or forms in which electronically stored information might be produced. The parties may be able to reach agreement on the forms of production, making discovery more efficient. Rule 34(b) is amended to permit a requesting party to specify the form or forms in which it wants electronically stored information produced. If the requesting party does not specify a form, Rule 34(b) directs the responding party to state the forms it intends to use in the production. Early discussion of the forms of production may facilitate the application of Rule 34(b) by allowing the parties to determine what forms of production will meet both parties' needs. Early identification of disputes over the forms of production may help avoid the expense and delay of searches or productions using inappropriate forms.

Rule 26(f) is also amended to direct the parties to discuss any issues regarding preservation of discoverable information during their conference as they develop a discovery plan. This provision applies to all sorts of discoverable information, but can be particularly important with regard to electronically stored information. The volume and dynamic nature of electronically stored information may complicate preservation obligations. The ordinary operation of computers involves both the automatic creation and the automatic deletion or overwriting of certain information. Failure to address preservation issues early in the litigation increases uncertainty and raises a risk of disputes.

The parties' discussion should pay particular attention to the balance between the competing needs to preserve relevant evidence and to continue routine operations critical to ongoing activities. Complete or broad cessation of a party's routine computer operations could paralyze the party's activities. *Cf. Manual for Complex Litigation* (4th) §11.422 ("A blanket preservation order may be prohibitively expensive and unduly burdensome for parties dependent on computer systems for their day-to-day operations.") The parties should take account of these considerations in their discussions, with the goal of agreeing on reasonable preservation steps.

**EXHIBIT L**

Case 3:14-cv-00471-YY   Document 66-1   Filed 07/11/16   Page 7 of 8

7/11/2016     Rule 26. Duty to Disclose; General Provisions Governing Discovery | Federal Rules of Civil Procedure | LII / Legal Information Institute

The requirement that the parties discuss preservation does not imply that courts should routinely enter preservation orders. A preservation order entered over objections should be narrowly tailored. Ex parte preservation orders should issue only in exceptional circumstances.

Rule 26(f) is also amended to provide that the parties should discuss any issues relating to assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures for asserting claims of privilege or protection after production and whether to ask the court to enter an order that includes any agreement the parties reach. The Committee has repeatedly been advised about the discovery difficulties that can result from efforts to guard against waiver of privilege and work-product protection. Frequently parties find it necessary to spend large amounts of time reviewing materials requested through discovery to avoid waiving privilege. These efforts are necessary because materials subject to a claim of privilege or protection are often difficult to identify. A failure to withhold even one such item may result in an argument that there has been a waiver of privilege as to all other privileged materials on that subject matter. Efforts to avoid the risk of waiver can impose substantial costs on the party producing the material and the time required for the privilege review can substantially delay access for the party seeking discovery.

These problems often become more acute when discovery of electronically stored information is sought. The volume of such data, and the informality that attends use of e-mail and some other types of electronically stored information, may make privilege determinations more difficult, and privilege review correspondingly more expensive and time consuming. Other aspects of electronically stored information pose particular difficulties for privilege review. For example, production may be sought of information automatically included in electronic files but not apparent to the creator or to readers. Computer programs may retain draft language, editorial comments, and other deleted matter (sometimes referred to as "embedded data" or "embedded edits") in an electronic file but not make them apparent to the reader. Information describing the history, tracking, or management of an electronic file (sometimes called "metadata") is usually not apparent to the reader viewing a hard copy or a screen image. Whether this information should be produced may be among the topics discussed in the Rule 26(f) conference. If it is, it may need to be reviewed to ensure that no privileged information is included, further complicating the task of privilege review.

Parties may attempt to minimize these costs and delays by agreeing to protocols that minimize the risk of waiver. They may agree that the responding party will provide certain requested materials for initial examination without waiving any privilege or protection— sometimes known as a "quick peek." The requesting party then designates the documents it wishes to have actually produced. This designation is the Rule 34 request. The responding party then responds in the usual course, screening only those documents actually requested for formal production and asserting privilege claims as provided in Rule 26(b)(5)(A). On other occasions, parties enter agreements—sometimes called "clawback agreements"—that production without intent to waive privilege or protection should not be a waiver so long as the responding party identifies the documents mistakenly produced, and that the documents should be returned under those circumstances. Other voluntary arrangements may be appropriate depending on the circumstances of each litigation. In most circumstances, a party who receives

EXHIBIT L

Case 3:14-cv-00471-YY    Document 66-1    Filed 07/11/16    Page 8 of 8

7/11/2016    Rule 26. Duty to Disclose; General Provisions Governing Discovery | Federal Rules of Civil Procedure | LII / Legal Information Institute

information under such an arrangement cannot assert that production of the information waived a claim of privilege or of protection as trial-preparation material.

Although these agreements may not be appropriate for all cases, in certain cases they can facilitate prompt and economical discovery by reducing delay before the discovering party obtains access to documents, and by reducing the cost and burden of review by the producing party. A case-management or other order including such agreements may further facilitate the discovery process. Form 35 is amended to include a report to the court about any agreement regarding protections against inadvertent forfeiture or waiver of privilege or protection that the parties have reached, and Rule 16(b) is amended to recognize that the court may include such an agreement in a case- management or other order. If the parties agree to entry of such an order, their proposal should be included in the report to the court.

Rule 26(b)(5)(B) is added to establish a parallel procedure to assert privilege or protection as trial-preparation material after production, leaving the question of waiver to later determination by the court.

*Changes Made After Publication and Comment*. The Committee recommends a modified version of what was published. Rule 26(f)(3) was expanded to refer to the form "or forms" of production, in parallel with the like change in Rule 34. Different forms may be suitable for different sources of electronically stored information.

The published Rule 26(f)(4) proposal described the parties' views and proposals concerning whether, on their agreement, the court should enter an order protecting the right to assert privilege after production. This has been revised to refer to the parties' views and proposals concerning any issues relating to claims of privilege, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order. As with Rule 16(b)(6), this change was made to avoid any implications as to the scope of the protection that may be afforded by court adoption of the parties' agreement.

Rule 26(f)(4) also was expanded to include trial-preparation materials.

The Committee Note was revised to reflect the changes in the rule text.

The changes from the published rule are shown below. [Omitted]

**EXHIBIT L**