**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

**PAULINE SHORT**, on behalf of herself and all others similarly situated,

Plaintiff,

v.

**EQUIFAX INFORMATION SERVICES LLC**, a foreign corporation,

Defendant.

Case No. 3:14-CV-0471-YY

**OPINION AND ORDER**

**YOU, Magistrate Judge:**

Before this court is Plaintiff's Motion to Compel Responses to Plaintiff’s Interrogatories and Request for Production of Documents (ECF #52). Because plaintiff’s motion is untimely, it is DENIED.

**FACTUAL BACKGROUND**

Plaintiff Pauline Short (“Short”) brought this action against Defendant Equifax Information Services LLC (“Equifax”) on March 24, 2014, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. ECF #1.

Discovery was set to close 120 days later, on July 22, 2014. On July 21, 2014, Short filed an Unopposed Motion for Extension of Discovery and PTO Deadlines (ECF #10). In this motion, the parties requested that discovery be conducted in two phases, with the first phase

being limited to matters pertaining to class certification. ECF #10, at 3. The parties requested that discovery be extended 150 days, until December 19, 2014. *Id*. The parties also proposed that additional discovery be allowed if and after a class was certified. *Id.* This court granted the motion and set the close of discovery regarding matters pertinent to class certification issues for December 19, 2014, and the due date for any motion seeking class certification for January 9, 2015. ECF #11.

Short served her first set of interrogatories and her second request for production on September 29, 2014. Robert S. Sola Decl. in Support of Short's Motion to Compel. ECF #53, Exs. A & B. These discovery requests are the subject of this motion to compel. ECF #52, at 3. Equifax submitted objections and responses to these discovery requests on November 10, 2014. ECF #53, Ex. C.

On December 15, 2014, Short filed a second Unopposed Motion for Extension of Discovery and PTO Deadlines (ECF #23). Short represented as follows:

> [t]he parties have served written discovery requests and responses to those discovery requests. They have also produced documents to each other. However, the parties agree that some of the discovery responses need to be supplemented and additional documents produced, but will not be able to accomplish that within the current discovery deadline.

ECF #23, at 2. Short asked that the deadline for completion of discovery "for matters pertinent to class certification issues" be extended an additional 150 days until May 18, 2015. *Id.* at 4.

On May 15, 2015, 417 days after filing suit, Short filed a third Unopposed Motion for Extension of Discovery and PTO Deadlines. ECF #32. In part, the motion was based on Short's need to "investigate the various county records systems and search the county records on tax liens." *Id*. at 2. Having determined that "there is not a unified system for checking all county records in the State," Short noted she "*will have to* search each county's records separately,"

implying that she had not yet begun that task. *Id.* at 3 (emphasis added). She requested that the deadline to complete discovery on matters pertinent to class certification be set 120 days later, for September 16, 2015, with the motion for class certification due October 6, 2015. *Id.* at 4.

On September 16, 2015, the parties filed a Joint Motion to Stay Deadlines Pending Settlement Discussions (ECF #34). The parties noted they had "engaged in substantial discovery to date" and agreed that "*limited discovery remains outstanding*." ECF #34, at 2 (emphasis added). They also believed they had "sufficient information to meaningfully discuss resolution of this matter, including a possible class-wide settlement." *Id.* The parties engaged in good-faith negotiations until January 13, 2016, when it became clear a settlement would not be reached. *See* Joint Status Reports, ECF ##36, 38, 41.

On January 15, 2016, the court held a telephone status conference and set a new discovery deadline for May 31, 2016, giving Short an additional 120 days to complete discovery. ECF #45. At this point, understandably, the court had become weary of granting extensions and told the parties that no further extensions would be granted. Roper Decl., ECF #61, ¶ 5.

On March 11, 2016, Short deposed Equifax's designated corporate representative about Equifax's ability to identify putative class members with tax liens Equifax had allegedly inaccurately reported as unreleased. *Id.* ¶ 6. On May 5, 2016, 773 days after the action was filed, Short provided Equifax with tax lien records from four of thirty-six Oregon counties. *Id.*, Ex. A. No certificates of release were provided, and no records custodian validated the documents. Def.'s Reply in Support of Its Suppl. Brief, ECF #83, at 3. Over two years after Short brought suit, tax lien records for thirty-two of thirty-six counties remained outstanding—including those for Multnomah County, where Short is a resident.

At Short's request, the court held a second telephone conference on May 31, 2016, the discovery cutoff date, and gave Short until June 17, 2016, to file an additional motion to extend discovery, emphasizing Short's need to justify further discovery extensions. Telephone Status Conference, ECF #45. Equifax opposed any further extensions. On June 17, 2016, Short filed her Motion to Compel, the subject of this order. ECF #52. Over 19 months had passed from the time Equifax responded to the interrogatories and requests for production on November 10, 2014, and the time she filed the present motion.

On July 11, 2016, for the first time and 609 days after receiving Equifax's November 2014 discovery responses, Short claims in her Reply Brief that Equifax did not comply FRCP 26(b)(2)(B). Short's Reply in Support of her Motion to Compel, ECF #65, at 4. On August 17, 2016, Short produced records of tax liens for Multnomah County. Supplemental Response in Opposition to Motion to Compel, ECF #69, Ex. D.

**OPINION**

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

"Rule 16(b)(4) makes clear that the Court's approval is required to amend a scheduling order." *Mondares v. Kaiser Found. Hosp. et al.*, No. 10-CV-2676-BTM (WVG), 2011 WL 5374613, at *3 (S.D. Cal. Nov. 7, 2011). "A schedule may be modified only for good cause and with the judge's consent." FRCP 16(b)(4).

A court's scheduling order may not simply be ignored. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without

peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted). Efficient treatment and resolution of cases is "successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *see also Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (Rule 16 is to be "taken seriously."). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

Here, on May 31, 2016, at the telephone conference requested by Short, which was also the discovery cutoff date, the court gave Short until June 17, 2016, to file a written motion to extend discovery to more fully explain her reasons for requesting an extension. Short ignored the court's order and instead filed a motion to compel. In fact, Short insists that she "is not seeking an extension of the discovery deadline." Short's Reply in Support of her Motion to Compel, ECF #65, at 1. Because no motion to extend discovery was filed and no order extending discovery was issued, discovery concluded on May 31, 2016.

Short's motion to compel is also untimely. "[N]umerous courts within the Ninth Circuit have denied discovery motions filed after the close of discovery" as untimely. *Rogers v. Brauer Law Offices, PLC*, No. CV-10-1693, 2011 WL 3665346, at *4 (D. Ariz. Aug. 22, 2011) (compiling Ninth Circuit district court cases denying discovery motions filed after the close of discovery). Federal courts consider the following factors in determining whether a motion to compel filed after the discovery deadline is untimely or should be allowed: (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about

the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule. *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (compiling federal district court cases, distilling the relevant factors commonly used, and finding defendant's motion to compel production of documents filed two weeks after discovery deadline untimely).

When these factors are considered, Short's motion to compel is unquestionably untimely. First, the length of time since the expiration of the discovery deadline weighs in favor of denying the motion. Short filed her motion to compel on June 17, 2016, seventeen days after the expiration of the May 31, 2016 discovery deadline. ECF #52. *See Days Inn Worldwide, Inc.*, 237 F.R.D. at 398 (motion to compel filed two weeks after discovery deadline was untimely); *Ridge Chrysler Jeep LLC v. Daimler Chrysler Servs. N. Am., LLC*, No. 03 C 760, 2004 WL 3021842, at *4 (N.D. Ill. Dec. 30, 2004) (motion to compel filed four days before close of discovery was untimely); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332 (N.D. Ill. 2005) ("motions to compel filed after the close of discovery are almost always deemed untimely").

Second, the length of time Short has known about the discovery weighs heavily toward denying the motion. Short has known about this discovery since September 29, 2014, when she first asked Equifax to produce consumer reports containing inaccurate tax liens. Robert S. Sola Decl. in Support of Short's Motion to Compel. ECF #53, Exs. A & B. By her own admission, Short knew she specifically needed to procure tax lien records from each of Oregon's thirty six counties as of May 15, 2015, 399 days before filing the motion to compel. ECF #32, at 4.

Third, the discovery deadline has been extended four times. *See* Orders Granting Discovery Extensions, ECF ##11, 23, 32, 45. In fact, after the last extension, the court told the parties there would be no further extensions. Despite this admonition, Short filed a motion to compel after the discovery deadline had passed.

Fourth, Short's explanation for the delay is inadequate. Short's allegation that Equifax was unresponsive to her September 2014 discovery requests does not comport with her earlier statement on September 16, 2015 that "limited discovery remained outstanding" and that she had "sufficient information to meaningfully discuss resolution of this matter, including a possible class-wide settlement." ECF #34, at 2. In her first motion to extend the discovery deadline, which she filed on July 21, 2014, Short stated that phase one of discovery would focus on preparing the case for class certification. ECF #10, at 3. However, it was not until March 2016 that Short first deposed Equifax to determine what Short needed to provide Equifax for it to produce a workable data set.

Short cites *Soutter v. Equifax Info. Servs. LLC*, 307 F.R.D. 183, 196–98 (E.D. Va. 2015), alleging her discovery situation is analogous to that case. Motion to Compel, ECF #52, at 11–12. However, the Fourth Circuit reversed and remanded *Soutter* in 2012 noting that "Soutter's [discovery] efforts were counterproductive in that the data she ordered did not even contain her own name." *Soutter v. Equifax Info. Servs., LLC*, 498 Fed. Appx. 260, 263 (4th Cir. 2012) (unpublished). Here, similarly, Short did not provide Equifax with Multnomah County records of tax liens until filing her reply to Equifax's Response to her Motion to Compel on August 17, 2016. ECF #69, Ex. D.

Fifth, while no dispositive motions have been scheduled or filed, that is simply because discovery has not been completed.

Sixth, the age of the case weighs in favor of denying the motion to compel. This case has been pending for 31 months. Nineteen months passed between when Short received responses to her September 2014 discovery requests and when she filed her motion to compel.

Finally, the prejudice to Equifax—by being asked to repeatedly comply with discovery-deadline extensions, by being assured that limited discovery remained outstanding, and now by being asked to respond to and produce documents for discovery requests that were filed over a year ago—weighs in favor denying the motion.[1]

After considering the above factors, the court finds no basis to allow Short's motion to compel, which was filed after the discovery cutoff date. It is untimely and therefore denied.

Even if Short's motion to compel could be construed as a motion for extension of discovery (which Short says she is not requesting), Short has failed to establish good cause to justify such a request. "Good cause" is an inquiry that focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007) (citing *Johnson*, 975 F.2d at 609). "[T]he focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* Here, as discussed above, Short did not act diligently during discovery. Accordingly, there would be no good cause to extend the discovery deadline even if she had made such a request.

///

///

///

///

[1] The eighth factor—disruption to the court—is not relevant to the analysis and therefore not discussed.

**ORDER**

Plaintiff's Motion to Compel [#52] is DENIED.

DATED this 14th day of November 2016.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge